

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00194-CR

MILLICENT RENEE WILSON                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1416629D

----------

## MEMORANDUM OPINION[1]

----------

Millicent Renee Wilson appeals her conviction and ten-year sentence for aggravated assault with a deadly weapon, a second-degree felony enhanced by a prior felony conviction. She pleaded not guilty to the indictment and elected to waive a jury. After the trial court found her guilty, she pleaded true to the enhancement paragraph.

---

[1]*See* Tex. R. App. P. 47.4.

Wilson's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that "[t]he record in this case reveals no grounds that could be argued successfully on appeal." 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Wilson filed a pro response to counsel's brief, and the State filed a letter brief agreeing with appellant's attorney's assessment of the appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, appellant's pro se response, and the State's letter brief. We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL: KERR, PITTMAN, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 26, 2018